SAVOY, Judge.
This action in tort was instituted by plaintiff against defendant for damages resulting from an automobile accident which occurred between vehicles which were owned and driven by the parties. From an adverse judgment, after trial on the merits, plaintiff appealed.
For a cause of action, plaintiff alleged that on the night of February 26, 1966, he was driving his car in a northerly direction on U. S. Highway 167 about 4y¿ miles north of the City Limits of Ville Platte, Louisiana; and that defendant was driving a Chevrolet in a southerly direction on said U. S. Highway 167 when suddenly defendant veered into plaintiff’s lane of travel, striking plaintiff’s automobile on its left side causing the accident and resulting injuries to plaintiff.
Defendant, through counsel who prepared the answer but did not defend the suit, admitted the collision but denied any negligence on his part. Alternatively he pled contributory negligence and also invoked the last clear chance doctrine.
As stated before, the trial judge agreed with defendant’s position and dismissed plaintiff’s suit.
There were only three witnesses to the accident, plaintiff, defendant and Mr. Rob-ley Soileau.
Mr. Soileau testified that on the night of February 26, 1969, he was driving his car in a southerly direction on U. S. Highway 167; that he was following the vehicle being driven by defendant; that he saw the vehicle driven by plaintiff coming toward *178 him; that when plaintiff attempted to negotiate a slight curve in the highway, his car left the road and turned over in a ditch on the east side of the highway. He stated there was no collision between the vehicles driven by plaintiff and defendant. Defendant’s testimony was to the same effect. Plaintiff testified that as he was rounding the curve, the left front of defendant’s car struck his, causing him to lose control; and that when his car turned over, he became unconscious.
State Trooper Floyd Fontenot investigated the matter shortly after the plaintiff’s car was disabled. He found a slight dent on the left front of defendant’s vehicle. It appeared to be a minor scratch. He stated that defendant had been drinking and appeared to be intoxicated.
In arriving at a decision, the trial judge stated that he placed great weight on the testimony of Mr. Robley Soileau who was behind the defendant’s car and testified that he saw the accident and that no collision occurred between the two vehicles. The trial judge, prior to the end of the trial, allowed counsel for defendant to amend the eleventh and twelfth articles of defendant’s answer, which read as follows:
“11.
“That an accident did occur on or about February 26, 1966, involving a vehicle owned and operated by the plaintiff and a vehicle owned and operated by the defendant, at a point approximately four and one-half miles north of the city limits of Ville Platte, Louisiana.
“12.
“That the plaintiff, suddenly and without any warning whatsoever, placed his vehicle within the path of the vehicle operated by the defendant by moving or backing same onto the highway into the lane of traffic of defendant at such a time and point as to prevent the defendant from avoiding contact with the vehicle of plaintiff.”
Over plaintiff’s objection the trial court allowed the amendment. The objection was based on the fact that in answer defendant admitted the accident, whereas on the trial thereof he denied any collision with the car belonging to plaintiff.
LSA-C.C.P. Article 1151 provides that after answer is filed, the answer may be amended by leave of court or by written consent of the adverse party. Since the granting of the amendment is allowed under the provisions of the above-mentioned article, we cannot say the trial judge abused his discretion.
On cross-examination plaintiff also admitted he had been drinking on the night in question.
We do not think that it makes any difference in the instant case whether or not a collision did occur. Even if a collision did occur, the question to be determined is whether the collision was a cause in fact of the accident.
The evidence reveals that both cars were traveling at a fast rate, but within the speed limit of sixty miles per hour for U. S. Highway 167.
We are of the opinion that the sole cause of the accident was the negligence of plaintiff in negotiating the curve at such a high rate of speed.
The trial judge saw and heard the witnesses, and he believed Mr. Soileau’s version of the accident. We cannot say that he committed error in arriving at his decision.
This is a fact case, and we do not disturb the finding of a trial judge unless the record reveals that he committed grave error in reaching his decision.
For the reasons assigned, the judgment of the district judge is affirmed at appellant’s costs.
Affirmed.
*179 MILLER, J., dissents and assigns written reasons.